IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

10950 RETAIL, LLC
doing business as
Love Shack,

   Plaintiff,

    v.

FULTON COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-1923-TWT

ORDER

This is an action seeking relief against Fulton County for failing to grant a business license to an adult bookstore. It is before the Court on the Intervenor-Defendant Johns Creek's Motion to Dismiss [Doc. 120]. For the reasons set forth below, the motion is GRANTED.

I. Background

This suit started as a challenge to the ordinances regulating adult bookstores in Fulton County, Georgia. On or about July 12, 2006, the Plaintiff, 10950 Retail, LLC d/b/a Love Shack, applied for a business occupational tax certificate from Fulton

County. When the request was denied, it filed this lawsuit.[1] The Intervenor-Defendant City of Johns Creek now moves to dismiss this action on the grounds that the claims are not ripe and that the Plaintiff lacks standing. On December 1, 2006, the City of Johns Creek emerged from what had been unincorporated Fulton County. The Plaintiff's store is in what is now Johns Creek which has its own zoning ordinances that supplant those of Fulton County. The Plaintiff and Johns Creek are embroiled in litigation in state court where the Plaintiff is challenging the application to it of the city's adult bookstore zoning ordinance.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the

---

[1] For a more thorough factual background, see this Court's Order granting the Defendants' Motion to Amend Counterclaim [Doc. 53].

plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III.  Discussion

The Intervenor-Defendant argues that the Plaintiff lacks standing to proceed further with this lawsuit because the case is moot.  Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies."  U.S. CONST. art. III, § 2, cl. 1.  If a case is moot, it is nonjusticiable, and federal courts lack jurisdiction to entertain such a case.  Therefore, mootness is a threshold question for the Court. A case becomes moot if events occurring subsequent to the initiation of the lawsuit create a situation where the court is no longer able to provide the plaintiff with meaningful relief.  Troiano v. Supervisor of Elections in Palm Beach County, Fla.,

382 F.3d 1276, 1282 (11th Cir. 2004); Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001). The Intervenor-Defendant argues that the case is moot by virtue of the fact that the Plaintiff is now subject to the jurisdiction of the City of Johns Creek and not Fulton County. It is clear that Fulton County no longer has municipal jurisdiction over the Plaintiff's business, and any claims for declaratory or injunctive relief against Fulton County's ordinances are properly dismissed.

Nevertheless, the Plaintiff argues that the entire case is not moot because it prayed for damages in its Amended Complaint. Assuming that the damages claims against Fulton County are not moot, the Intervenor-Defendant has demonstrated that such claims against Fulton County are not yet ripe. In determining whether an issue is ripe for adjudication, a court must find that the claim has satisfied not only the constitutional requirements of a case and controversy, but also prudential concerns that "the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998) (citing Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997)); see also National Advertising Co. v. City of Miami, 402 F.3d 1335 (11th Cir. 2005). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998).

A court must evaluate two preliminary factors when considering ripeness: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 808 (2003). In considering those two factors with respect to administrative challenges, the Eleventh Circuit has directed that a district court also consider: (1) whether delayed review would cause hardship to the plaintiff; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the pertinent issues. Beaulieu v. City of Alabaster, 454 F.3d 1219, 1227 (2006).

In this case, the Court has already found that the Plaintiff has failed to exhaust its administrative remedies. (See Order, at 5-6) [Doc. 18]. "Just as the Eleventh Circuit found in Digital, because the Love Shack has not appealed through the administrative process, which provides that 'the decision of the Board of Zoning Appeals is a final decision,' the Love Shack cannot demonstrate that its application has been conclusively denied." Id. Although the Plaintiff has alleged that it obtained a "letter denying its business license application and informing the store that no administrative remedies existed," the Plaintiff has still failed to show that it has appealed through the administrative process of the Board of Zoning Appeals. (Pl.'s

Br. in Opp'n to Def.'s Mot. to Dismiss, at 3). Consequently, the Court finds this case indistinguishable from both Digital and National Advertising. In those cases, the Eleventh Circuit found that failure to exhaust administrative remedies before challenging the constitutionality of ordinances which prohibited certain commercial speech rendered the challenges unripe. As the Eleventh Circuit made clear in both cases, "a challenge to the application of a city ordinance does not automatically mature at the zoning counter." Digital, 121 F.3d at 590. A challenge to an ordinance that fails to exhaust remedies is not fit for judicial decision because a plaintiff might "have pursued a number of administrative options to protest its denial or it could have merely fixed specific deficiencies in the applications [the plaintiff] presented." National Advertising, 402 F.3d at 1340. In addition, judicial restraint is especially warranted in this case where the Defendant Fulton County no longer has any municipal jurisdiction over the Plaintiff. Too, concerns of free speech should not trump the ripeness requirement in this context. "Our First Amendment decisions have created a rough hierarchy in the constitutional protection of speech. . . . [C]ommercial speech and nonobscene, sexually explicit speech are regarded as a sort of second-class expression." Beaulieu, 454 F.3d at 1229 (citing R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 422 (1992)). For these reasons, the Plaintiff's claims are not fit for judicial review at this time. Because the Plaintiff cannot pursue its claims against Fulton

County in the future, they never will be fit for review. The Plaintiff has likewise failed to demonstrate hardship by withheld court consideration. "It would have been far easier, and quicker, for [the Plaintiff] to have exhausted its administrative remedies or received a final written denial of its application instead of rushing to the federal courts for relief." National Advertising, 402 F.3d at 1341. This claim is not ripe and never will be.

## IV.  Conclusion

For the reasons set forth above, the Intervenor-Defendant's Motion to Dismiss [Doc. 120] is GRANTED.

SO ORDERED, this 28 day of March, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge